IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

|  |  |
|---|---|
| John D. Hatcher;<br>Rachel Shaluly;<br>James F. Gilbert;<br>Molly A. Miller;<br>Michael Stehney, individually and as<br> members of the Architectural<br>Committee of Mill Creek Estates,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>Ron Ferguson,<br><br>                    Defendant. | Civil Action No. 6:15-2080-GRA-KFM<br>[Re: Case No. 2013-CP-23-1810]<br><br>**REPORT OF MAGISTRATE JUDGE** |

The above-captioned case was removed from the Court of Common Pleas for Greenville County on May 20, 2015. The defendant, who is proceeding *pro se*, paid the filing fee of four hundred dollars ($400) (Receipt No. SCX600006856).

In an order (doc. 8) filed in this case on May 26, 2015, the undersigned apprised the defendant that he must keep the Clerk's Office and opposing counsel apprised of any change of address. On the same day, counsel for the plaintiffs filed a motion to remand to state court or, in the alternative, a motion to dismiss (doc. 10). The deadline for the defendant to respond to the plaintiffs' motion to remand was June 12, 2015. As of June 15, 2015, the defendant has not responded to the plaintiffs' motion to remand to state court.

In their motion to remand, the plaintiffs call attention to this Court's remand of Civil Action No. 6:14-3820-GRA-KFM, in which this Court remanded the same underlying

state court case (Case No. 2013-CP-23-1810) at issue here to state court.  Counsel for the plaintiffs requests that this case be remanded immediately and without further actions, such as interrogatories or responses (doc. 10 at 1).  The plaintiffs' motion to remand is timely.

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court.  28 U.S.C. § 1441.  Various federal courts have held that the removal statutes are to be construed against removal jurisdiction and in favor of remand.  *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable.  *See* 28 U.S.C. § 1446; *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980)[Table].

Case No. 2013-CP-23-1810 was filed on April 1, 2013, by counsel for the plaintiffs (doc. 1-3 at 1–8 in Civil Action No. 6:14-3820-GRA-KFM). In the complaint filed in state court, the plaintiffs alleged that the defendant had failed to comply with restrictive covenants (doc. 1-3 at 5–8 in Civil Action No. 6:14-3820-GRA-KFM). The various documents submitted by the parties in Civil Action No. 6:14-3820-GRA-KFM do not show when the defendant was served, but it appears that he was served sometime in April of 2013 because he filed an answer with counterclaims on or about May 1, 2013. *Murphy Bros., Inc. v. Michael Pipe Stringing, Inc.*, 526 U.S. 344, 353–56 (1999) (thirty-day removal period does not start to run until defendant is served). Even assuming that the defendant was served with the summons and complaint in Case No. 2013-CP-23-1810 on April 30, 2013, the defendant had until May 30, 2013, to remove this case. The defendant appears to be contending that the state court case became removable when Master-in-Equity Simmons issued a hearing notice for May 27, 2015 (doc. 1 at 4).

There is no diversity jurisdiction in the above-captioned case because the plaintiffs are citizens of South Carolina and the defendant is a citizen of South Carolina. As a result, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). The issuance of a hearing notice by the Master-in-Equity for Greenville County did not change the underlying breach of contract nature of the state court case or change the case into one having complete diversity of parties, as was the situation in *Heniford*, 471 F. Supp. at 332–34.

There is no federal question or diversity jurisdiction in the above-captioned case. *See Cruel v. Cnty. of Greenville*, 617 F. Supp. 2d 436, 438 (D.S.C. 2007); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); and *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.").

3

The above-captioned case should be remanded to state court for the same reasons that Civil Action No. 6:14-3820-GRA-KFM, which involved the same state court case (Case No. 2013-CP-23-1810), was remanded to state court. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'").

Based on the foregoing it is recommended that the District Court grant the plaintiffs' motion to remand to state court (doc. 10). The attention of the parties is directed to the notice on the next page.

Kevin F. McDonald
United States Magistrate Judge

June 16, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).