```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                        GREENVILLE DIVISION
```

John D. Hatcher, Rachel Shaluly,           )
James F. Gilbert, Molly A. Miller, and     )     C.A. No. 6:15-cv-2080-GRA
Michael Stehney, *individually and as*     )
*members of the Architectural Committee*   )
*of Mill Creek Estates*,                   )              **ORDER**
                                           )          (Written Opinion)
                                           )
                    Plaintiffs,            )
                                           )
        v.                                 )
                                           )
Ron Ferguson,                              )
                                           )
                    Defendant.             )
_____

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B), and filed on June 16, 2015. ECF No. 13.

## BACKGROUND

The Plaintiffs originally filed this case in the Court of Common Pleas for Greenville County on April 1, 2013, alleging failure to comply with restrictive covenants. ECF No. 1-1. The Defendant filed an answer with counterclaims on May 1, 2013. ECF No. 1. On September 30, 2014, the Defendant removed the action to this Court, pursuant to 28 U.S.C. § 1441. *Id.* This Court then remanded the action for jurisdictional reasons back to State Court on March 19, 2015. On May 20, 2015, the Defendant again removed the action to this Court, pursuant to 28 U.S.C. § 1441. ECF No. 1. The Plaintiffs filed a Motion to Dismiss from Federal Court and Remand to State Court on May 26, 2015. ECF No. 10. Magistrate Judge McDonald

then made a careful review of the Motion and now recommends that this Court grant the Motion. ECF No. 13. Thereafter, on June 29, 2015, the Defendant filed an objection arguing that "this court is vested with jurisdiction to resolve" this matter. ECF No. 16 at 14. The Plaintiffs filed a Reply on July 13, 2015. ECF No. 15. For the reasons discussed herein, this Court adopts the Magistrate Judge's Report in its entirety and grants the Motion.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, July 6, 2015 was the deadline for filing objections. ECF No. 13. The Defendant filed an objection on June 29, 2015. ECF No. 16.

## DISCUSSION

The Defendant first objects to the identification of the parties in the Report. *Id.* at 2-3. Specifically, he argues that "the Court, again, has failed to properly identify the parties involved in the action." *Id.* at 2. The Defendant, however, does not provide the Court with whom he believes the proper parties to be. Instead, he simply states that "the question remains, who are the parties to the case." *Id.* at 3. The case that was removed to this Court is case number 2013-CP-23-1810. ECF No. 1-1 at 5. The Report identifies the exact same parties as listed in the action that was removed to this Court. *Id.* The Court, therefore, adopts the Report with respect to the identification of the parties.

The Defendant next provides in his objections nearly five pages worth of First Circuit case law under the headings of "FAILURE TO ADEQUATELY REVIEW JURISDICTION" and "Statutory Time Limits." ECF No. 16 at 3-7. The Defendant, however, fails to make any actual objections or arguments accompanying these citations. *Id.* The Court, therefore, adopts the Report with respect to the timeliness of removal.

The Defendant also seemingly objects to the Report's finding that "[t]here is no federal question . . . jurisdiction in [this] case." ECF No. 13 at 3. The Defendant makes multiple claims in this regard. First, the Defendant claims that the Motion to Compel from the Plaintiffs' attorney "seek[s] to intrude upon the privacy of the Defendant" and that he has a "[f]ederally recognized privacy right." ECF No. 16 at 8. Second, the Defendant spends nearly two pages explaining the legal concept of standing. *Id.* at 9-10. Third, the Defendant cites to the Fourteenth Amendment and argues that federal question jurisdiction exists because state court mandated mediation, involvement in other lawsuits with one of the Plaintiffs, and participation in discovery violate his constitutional rights. *Id.* at 10-13. Under the well-pleaded complaint rule, the plaintiff's complaint is determinative of federal jurisdiction. In other words, the federal question must be clear from the face of the complaint and cannot be based on a federal law defense. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Accordingly, the Defendant's privacy, standing, and Fourteenth Amendment defenses do not provide this court with federal question jurisdiction.

After a thorough review of the record, this Court finds no error and that the Magistrate Judge's Report accurately summarizes the case and the applicable law. Accordingly, the Report is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss from Federal Court and Remand to State Court is GRANTED.  This case is hereby REMANDED to the Court of Common Pleas for Greenville County.

**IT IS SO ORDERED.**

*[signature]*
G. Ross Anderson, Jr.
Senior United States District Judge

July 23, 2015
Anderson, South Carolina